IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CINGULAR WIRELESS LLC,
a Limited Liability Company,

Plaintiff

v.

VALUEDGUEST, INC.; PREMIER
DESTINATIONS INTERNATIONAL,
INC.; RED PROTON, INC.

Defendants

CIVIL 03-1563 (PG)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On June 9, 2004, the court entered judgment in favor plaintiff and against defendants in this action which arises under the Federal Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 et seq., the Lanham Act of 1946, 15 U.S.C. §§ 1051 et seq. and other causes of action including supplemental claims. (Docket No. 5.) Defendants were found to have infringed CINGULAR's trademark rights and to have caused consumer confusion.  The Federal Computer Fraud and Abuse Act specifically provides for maintaining a civil action against violators of this criminal statute in order to obtain compensatory damages and injunctive relief or other equitable relief. 18 U.S.C. § 1030(g).  The judgment also directed the defendants to pay reasonable attorney's fees.

On July 29, 2004, attorney Stephen M. Schaetzel filed a declaration in support of plaintiff's request for attorney's fees and costs, including numerous invoices

CIVIL 03-1563 (PG)                                        2

reflecting attorney's fees charged by the law firms of Kilpatrick Stockton LLP and Pietrantoni Mendez & Alvarez LLP.

This matter was referred to me for report and recommendation on July 12, 2005. (Docket No. 10.) Because the fees are awarded as a result of a default judgment, there is no opposition to the same.

### III.  APPLICABLE LAW AND ANALYSIS

Under the so-called American Rule, parties are ordinarily required to bear their own attorney's fees and the prevailing party is not entitled to collect from the loser. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 602 (2001) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975)). There are, however, exceptions to the American Rule against fee shifting. Title 15 U.S.C. § 1117 is one such exception. See Tamko Roofing Production Inc. v. Ideal Roofing Company LTD., 294 F.3d 227, 229-30 (1st Cir. 2002). Since plaintiff is entitled to recover attorney's fees, I need determine whether the award requested is reasonable.

In accordance with the declaration of Stephen M. Schaetzel Esq. in support of an award of attorney's fees in favor of plaintiff, plaintiff requests a total award of attorney's fees of $45,569.70 through June 8, 2004 for work performed by the firm of Kilpatrick Stockton and $5,673.50 for work performed by the law firm of Pietrantoni, Mendez & Alvarez. Supporting documentation accompanies the statement. Counsel for both firms have emphasized that the nature and complexity

CIVIL 03-1563 (PG)                                    3

of the case, the generally prevailing rates in the respective geographical areas for lawyers of comparable experience, their reputation and experience, and competitiveness with other firms reflect the reasonableness of the rates and hours worked. Furthermore, in the case of Kilpatrick Knowlton, and as a result of negotiation, the fees are discounted up to 10% because of the volume of work which that law firm performs for Cingular.  Both firms have included contemporaneous time records reflecting the work preformed in relation to this case as well as the details of the discount as to Kilpatrick Knowlton. See Anywhere, Inc. v. Romero, 344 F. Supp. 2d 345, 347-48 (D.P.R. 2004); Cf. Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 952 (1st Cir. 1984).

I have reviewed each of the statements submitted by the attorneys.  Thus I find that the time employed and reasonableness of the fees are not an issue.

## IV. CONCLUSION

In view of the above, I recommend that defendants in solido be ordered to pay an award of attorney's fees of $45,569.70 for work performed by the firm of Kilpatrick Stockton plus $5,673.50 for work performed by the law firm of Pietrantoni, Mendez & Alvarez for a total of $51,243.20, with pre-judgment interest beginning on June 8, 2004.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this

CIVIL 03-1563 (PG)                              4

report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

    At San Juan, Puerto Rico, this 13th day of July, 2005.

                                                S/ JUSTO ARENAS
                              Chief United States Magistrate Judge